**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**SIMEON J. BRIGGS**

**v.** **C.A. NO. 09-456S**

**ASHBEL T. WALL, ET AL.**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Simeon J. Briggs, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") against ACI employees James Weeden, A.T. Wall, Michelle Auger, Joseph DiNitto and Nancy Bailey (Docket # 1). Plaintiff alleges defendants violated his right by, *inter alia*, subjecting him to unsanitary living conditions and denying him access to legal resources. This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and plaintiff's motion to proceed *in forma pauperis* be DENIED.

**BACKGROUND**

The following background is based on allegations plaintiff makes in the Complaint. Plaintiff is an inmate currently housed in the High Security Center at the ACI. Plaintiff claims that at the ACI he (1) is confined in a cell that has mold, rust, leaking pipes, and water that smells of sewage; (2) is served inadequate food that is eaten by mice prior to being served to prisoners; (3) was denied the ability to contact his lawyer and access the law library; (4) has been denied access to a classification board to challenge his confinement in the High Security Center; and (5) was threatened with discipline by defendant Weeden if he continued sending grievances to Rhode Island Department of Corrections ("RIDOC") Director Wall. He further states that he spoke with each of the defendants about his complaints, but they failed to respond.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A complaint fails to state a claim on which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); Fed.R.Civ.P. 8(a)(2).

### II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, although defendants were acting under state law, plaintiff has failed to allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

### III. Eighth Amendment

Plaintiff makes various claims regarding his living conditions in the High Security Center at the ACI. Specifically, plaintiff claims that there is mold in his air vents, rust throughout his cell, sink water that smells of sewage, and leaking pipes. Furthermore, plaintiff asserts that the food he is receiving not adequate and contaminated by mice.

The Eighth Amendment prohibits "cruel and unusual punishments," and "it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan,* 511 U.S. 825, 832, 114

S.Ct. 1970 (1994)(quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Prison officials must provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." *Id.*,, 511 U.S. at 832 (citation omitted). To allege an Eighth Amendment claim, a plaintiff must plead facts which establish both an objective component, that he was forced to endure "extreme deprivations" beyond the bounds of human decency, and a subjective component, that the defendant acted with "deliberate indifference" to such conditions. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).

Plaintiff's conditions-of-confinement claims here fail on several accounts. First, plaintiff's claims regarding the conditions of his cell are not sufficiently serious to satisfy the objective component of the Eighth Amendment test. Plaintiff does not allege any injury as a result of the conditions, and the existence of rust, mold, water odors, and leaking pipes does not amount to "an excessive risk to inmate health or safety" under the Eighth Amendment. *See, e.g., Shrader v. White,* 761 F.2d 975, 983-87 (4th Cir. 1985)(prisoner's allegations including: leaking ceilings; cold water in cells; a shower area covered in rust, mold, and mildew; and showers that dripped with controls that did not work, were constitutionally insignificant); *Oliver v. Powell,* 250 F.Supp.2d 593, 604 (E.D.Va. 2002)(allegations that cell contained roaches, leaky toilets, peeling paint, and writing on the wall did not state a claim under the Eighth Amendment); *see also Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)("The Constitution ... 'does not mandate comfortable prisons,' ... and only those deprivations denying 'the minimal civilized measure of life's necessities,'... are sufficiently grave to form the basis of an Eighth Amendment violation")(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 & 349, 101 S.Ct. 2392 (1981)).

Similarly, plaintiff's food claims are not sufficiently serious to assert a constitutional violation. Plaintiff simply alleges that the food is "not properly addaquet [sic]" and "is rotten with mice eating it before we receive it." Cmpt. p. 5. The Eighth Amendment requires that inmates be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader,* 761 F.2d at 986 (citations omitted). However, plaintiff does not provide any details about how the food is inadequate or describing the severity, duration or frequency of the alleged mice problem. Nor does he indicate any adverse health effects or suggest that the conditions were so unsanitary as to create current or future health concerns. *See Chase v. Quick,* 596 F.Supp. 33, 34 (D.R.I. 1984)(prisoner's Eighth Amendment claim alleging unsanitary eating conditions failed because plaintiff did not assert specific instances of hunger, food-poisoning, or

malnutrition resulting from consumption of the food at ACI); *see also Gallimore v. McPeak*, No.7:07CV00573, 2008 WL 112041, at *2 (W.D.Va. Jan. 09, 2008 (to state a claim "plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health")(citations omitted). Accordingly, plaintiff has not plead adequate facts to move his claim of constitutionally inadequate food "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. 1937, 1951-53.

As plaintiff's claims regarding the conditions of his confinement fail to meet the objective component of an Eighth Amendment claim, I recommend such claims be dismissed.

**IV. First Amendment. Sixth and Fourteenth Amendments**

Plaintiff also alleges that he (1) is being denied access to the materials at the ACI law library and a phone call to his lawyer; (2) has been denied access to a classification board to challenge his placement in the ACI High Security Center; and (3) was threatened with disciplinary action by defendant Weeden if he were to send additional grievances to Director Wall. Such allegations raise questions under the First, Sixth, and/or Fourteenth Amendments.

*1. Access to the Court and Phone Call to Attorney*

Prisoners have a constitutional right of access to the court that requires "prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491 (1977). However, in order for a plaintiff to recover under this theory, a plaintiff must demonstrate that he suffered an actual injury, such as the frustration of a nonfrivolous legal claim, as a result of the alleged shortcomings in access to legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351-52, 116 S.Ct. 2174 (1996). Thus, it "follows that the underlying cause of action ... is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179 (2002). Additionally, the Sixth Amendment provides a right to counsel for the defense of criminal prosecutions, but is not applicable to a plaintiff's pursuit of civil actions. *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000).

Plaintiff's claims here fail to assert that his inability to access the law library or contact his attorney hindered his efforts to pursue a valid legal claim or provide a defense with respect to a criminal charge against him. Thus, plaintiff's claim fails to state a constitutional violation of the right of access to the court or the right to counsel and should be dismissed. I so recommend.

*2. Classification*

Plaintiff suggests defendants violated his procedural due process rights under the Fourteenth Amendment by placing him in the High Security Center without classification board hearing. In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, neither the constitution nor Rhode Island state law create a liberty interest in a prison-inmate classification housing procedure. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532 (1976)(no liberty interest arises from the Due Process Clause itself in transfer from low to maximum security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Bishop v. State*, 667 A.2d 275, 277 (R.I. 1995)(prisoner classification does not implicate liberty interest because Rhode Island statute gives Department of Corrections Director total and exclusive final discretion in classification of prisoners). Further, plaintiff does not provide allegations demonstrating that his classification to the High Security Center imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *Lynch v. Pelissey*, No. 06-409T, 2008 WL 782832, at *3 (D.R.I. Mar. 20, 2008)(plaintiff had no liberty interest in not being assigned to ACI High Security Center because such assignment was not an "atypical and significant hardship" in relation to the ordinary instances of prison life).

Accordingly, plaintiff's claim regarding his classification to the ACI High Security Center should be dismissed for failure to state a claim on which relief may be granted. I so recommend.

*3. Retaliation*

Here, plaintiff alleges that defendant Weeden told him that he was going to get disciplined if he continued sending grievances to Director Wall. A claim asserting retaliation for the exercise of a constitutional right consists of three elements: (1) the plaintiff engaged in constitutionally protected conduct; (2) the plaintiff suffered an adverse action that would deter a person of ordinary firmness from the exercise of the right at stake; and (3) there was a causal connection between the constitutionally protected conduct and the adverse action. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999); *Price v. Wall*, 464 F.Supp.2d 90, 96 (D.R.I. 2006).

The alleged vague threat of future unspecified discipline here does not constitute "adverse action" sufficient to satisfy the second element of a retaliation claim. Although

"[u]nder some circumstances, verbal threats may constitute adverse action ... vague intimations of some unspecified harm generally will not rise to the level of adverse action for the purpose of a First Amendment retaliation claim." *Bumpus v. Canfield*, 495 F.Supp.2d. 316, 326 (W.D.N.Y. 2007)(collecting cases). Accordingly, defendant Weeden's alleged threat does not rise to the level of retaliation under the First Amendment. As such, plaintiff's claim is without merit and should be dismissed. I so recommend.

**CONCLUSION**

For the reasons set forth above, I recommend the dismissal of the Complaint for failure to state a claim on which relief may be granted. Accordingly, having recommended the dismissal of all claims in the Complaint, I recommend that plaintiff's motion to proceed *in forma pauperis* be DENIED at this time.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
November 24, 2009